<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ABIRA MEDICAL LABORATORIES, LLC d/b/a GENESIS DIAGNOSTICS,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL ELEVATOR INDUSTRY HEALTH BENEFIT PLAN, *et al.*,<br><br>Defendants. | Civil Action No. 23-14324 (GC) (TJB)<br><br>**<u>MEMORANDUM ORDER</u>** |

**<u>CASTNER, U.S.D.J.</u>**

**THIS MATTER** comes before the Court upon Defendant National Elevator Industry Health Benefit Plan's Motion to Dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) as well as the Court's Order to Show Cause as to why the case should not be remanded to the Superior Court of New Jersey for lack of subject-matter jurisdiction. (ECF Nos. 19 & 27.)  The Court carefully considered the parties' submissions and decides the matter without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b).  For the reasons set forth below, and other good cause shown, Defendant's motion to dismiss is **DENIED** without prejudice as moot.  The case shall be **REMANDED** to the Superior Court of New Jersey, Mercer County, for lack of subject-matter jurisdiction.

**I.      BACKGROUND**

This is one of more than forty cases that Plaintiff Abira Medical Laboratories, LLC, has filed in the United States District Court of the District of New Jersey or had removed here from

the Superior Court of New Jersey since June 2023.  In each of these cases, Plaintiff sues "health insurance companies, third-party administrators, health and welfare funds, or . . . self-insured employers" based on their alleged failure to pay Plaintiff "for laboratory testing of specimen, which [Plaintiff] performed for the insureds/claimants."  (ECF No. 15 ¶ 1.)

Here, Abira filed suit against Defendant National Elevator Industry Health Benefit Plan (as well as unnamed affiliates) in the Superior Court of New Jersey, Mercer County, in July 2023 for "improperly refus[ing] to pay (or underpa[ying]) [Plaintiff] thousands of dollars for services it rendered."[1]  (ECF No. 1-1 at 4.)  The original Complaint contained four state-law counts: Count One for breach of contract; Count Two for breach of implied covenant of good faith and fair dealing; Count Three for fraudulent and negligent misrepresentation as well as equitable and promissory estoppel; and Count Four for alleged violations of the New Jersey Consumer Fraud Act.  (*Id.* at 6-10.)

On September 1, 2023, despite the original Complaint containing only common-law causes of action, Defendant removed the state-court action to this Court based on federal question jurisdiction pursuant to 28 U.S.C. § 1331.  (ECF No. 1.)  In its notice of removal, Defendant wrote that it "is a multiemployer employee welfare benefit plan" under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, and that the state-law claims asserted against it are "completely preempted" by ERISA because they challenge the administration of or eligibility for benefits.  (*Id.* at 1-5.)  Plaintiff supposedly "agreed not to oppose" the removal of the action to federal court.[2]  (ECF No. 10 at 1.)

---

[1]   Plaintiff is alleged to be a New Jersey limited liability company and Defendant is alleged to have its principal place of business in Newton Square, Pennsylvania.  (ECF No. 15 ¶ 12.)

[2]   An agreement between parties cannot create subject-matter jurisdiction.  *See Nederland Shipping Corp. v. United States*, 18 F.4th 115, 122 n.7 (3d Cir. 2021) ("[P]arties cannot create subject matter jurisdiction."  (citation omitted)).

On October 3, 2023, Plaintiff filed the Amended Complaint. (ECF No. 15.) Plaintiff seeks payment from Defendant for sixteen unpaid or underpaid claims "totaling in excess of $64,470.69." (*Id.* ¶¶ 8-9.) Plaintiff asserts seven state-law causes of action: Count One for breach of contract; Count Two for breach of implied covenant of good faith and fair dealing; Count Three for fraudulent misrepresentation; Count Four for negligent misrepresentation; Count Five for promissory estoppel; Count Six for equitable estoppel; and Count Seven for quantum meruit/unjust enrichment. (*Id.* ¶¶ 44-95.)

The Amended Complaint alleges that if the contracts relevant to the underlying claims are ERISA plans, then Plaintiff wants to assert claims for benefits under ERISA. (*See id.* ¶ 3 ("To the extent that the contracts relevant to the underlying claims are governed by ERISA, this action is brought to: 1) recover benefits pursuant to U.S.C. § 1132(a)(1)(B), and 2) for equitable relief, pursuant to U.S.C. § 1132(a)(3).").) Plaintiff also alleges that pursuant to 29 C.F.R. § 2560.503-1(b)(4), Plaintiff "is an 'authorized representative' acting on behalf of the insureds/claimants for any necessary legal action." (*Id.* ¶ 4.) It further alleges that "the insureds/claimants designated [Plaintiff] as their assignee, as evidenced by the insureds/claimants providing their insurance information to [Plaintiff], for the purpose of [Plaintiff] filing claims with the Defendant[] for payment of lab tests." (*Id.* ¶ 5.) Plaintiff did not identify in its Amended Complaint the individual insureds/claimants or how many insureds/claimants are involved in this case, the type of health insurance plans under which the insureds/claimants were covered, or any specific provisions in any plan that entitles the insureds/claimants to benefits from Defendant.

On October 18, 2023, Defendant moved to dismiss the Amended Complaint pursuant to Rule 12(b)(6). (ECF No. 19.) Among various arguments, Defendant contends that the seven state-law claims are expressly preempted by ERISA because they are "fundamentally a claim for payment of benefits from an ERISA-governed welfare benefit plan." (ECF No. 19-2 at 18-21.)

Included with Defendant's motion was a declaration from Robert Betts, executive director of the National Elevator Industry Health Benefit Fund, who attached a copy of Defendant's summary plan description. (ECF No. 19-3 at 3.) Also included was a declaration from counsel for Defendant who attached a spreadsheet provided by Plaintiff listing the sixteen claims for which Plaintiff seeks payment. (*Id.* at 101, 107.) The spreadsheet notes the patient name, policy identification number, billed amount, date of service, and the insurance plan name. (*Id.* at 107.)

On November 16, 2023, Plaintiff opposed. (ECF No. 23.) Among various arguments, Plaintiff argues that discovery is required "to distinguish which plans obligating payment by Defendant[] are in-fact ERISA plans, as distinguished from non-ERISA plans." (*Id.* at 5.) It further argues that it is a valid assignee under ERISA of any claim for benefits and that it is also an authorized representative pursuant to 29 C.F.R. § 2560.503-1(b)(4). (*Id.* at 6.) Defendant replied on November 22, 2023. (ECF No. 24.)

On May 29, 2024, the Court ordered the parties to show cause as to why this matter should not be remanded to the Superior Court of New Jersey for lack of subject-matter jurisdiction. (ECF No. 27.) The Court noted that Defendant removed this case based on federal question jurisdiction by asserting that Plaintiff's state-law claims are "completely preempted" by ERISA, but the record did not show "that Plaintiff has derivative standing under ERISA for purposes of complete preemption" sufficient to establish the Court's subject-matter jurisdiction. (*Id.* at 3.) The parties responded to the Court's Order. (ECF Nos. 28 & 29.) Plaintiff argues that "Defendant has not satisfied the requirements for complete preemption . . . and thus, th[e] court should remand to the Superior Court of New Jersey." (ECF No. 29 at 2.) Defendant counters that "the Court has subject matter jurisdiction over this action." (ECF No. 28 at 1.)

## II. LEGAL STANDARD

It is elemental that federal courts, unlike state courts, are courts of "limited jurisdiction, possessing 'only that power authorized by Constitution and statute.'" *In re Lipitor Antitrust Litig.*, 855 F.3d 126, 142 (3d Cir. 2017), *as amended* (Apr. 19, 2017) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "[I]n removed cases, '[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.'" *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004) (quoting 28 U.S.C. § 1447(c)). Indeed, a district court "must" dismiss an action "[i]f the court determines *at any time* that it lacks subject-matter jurisdiction." Rule 12(h)(3) (emphasis added). The removal statute is to be "strictly construed against removal." *Samuel-Bassett*, 357 F.3d at 396 (citation omitted); *see also Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985) ("Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand.").

## III. DISCUSSION

The Court must remand this case to the Superior Court of New Jersey for lack of subject-matter jurisdiction. Because the amount in controversy, $64,470.69, is less than the $75,000.00 threshold for diversity jurisdiction,[3] *see* 28 U.S.C. § 1332, the only alleged basis for subject-matter jurisdiction over the seven state-law causes of action is "complete preemption" under ERISA.

---

[3] Although Plaintiff also seeks attorney's fees, such fees "do not generally constitute part of the amount in controversy because the successful party typically does not collect its attorney's fees" unless "their payment is provided for by the terms of an underlying contract." *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 397 n.11 (3d Cir. 2016). There is no suggestion here that attorney's fees are provided for in an underlying contract.

Defendant has not demonstrated, however, that Plaintiff is the "type" of party that could have brought a claim for benefits under ERISA.

The well-pleaded complaint rule states that "a cause of action 'arises under' federal law, and removal is proper, only if a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 353 (3d Cir. 1995) (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 9-12 (1983)). There is, however, a "narrow exception to the well-pleaded complaint rule for instances where Congress has expressed its intent to 'completely pre-empt' a particular area of law such that any claim that falls within this area is 'necessarily federal in character.'" *In re U.S. Healthcare, Inc.*, 193 F.3d 151, 160 (3d Cir. 1999) (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987)). Congress has recognized that complete preemption applies to section 502(a) of ERISA. *See New Jersey Carpenters & the Trustees Thereof v. Tishman Const. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014).

Under ERISA, the term "'preemption' is used . . . in more than one sense." *In re U.S. Healthcare, Inc.*, 193 F.3d at 160. The two forms of ERISA preemption are "complete preemption" under Section 502(a) and "ordinary preemption" under Section 514(a). *Joyce v. RJR Nabisco Holdings Corp.*, 126 F.3d 166, 171-72 (3d Cir. 1997). "[Ordinary] ERISA preemption under § 514(a), standing alone, does not . . . create federal removal jurisdiction over a claim pled under state law in state court." *Id.* (citations omitted). "[C]omplete preemption," on the other hand, "operates to confer original federal subject matter jurisdiction notwithstanding the absence of a federal cause of action on the face of the complaint." *In re U.S. Healthcare, Inc.*, 193 F.3d at 160. Phrased differently, if ERISA completely preempts a state law cause of action, a matter may be removed to federal court on that basis alone, "even if the well-pleaded complaint rule is not satisfied." *Joyce*, 126 F.3d at 171.

To determine if state-law claims are "completely preempted" by ERISA and may be removed to federal court, courts in this Circuit apply the two-pronged test outline in *Pascack Valley Hospital v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 400 (3d Cir. 2004), *as amended* (Dec. 23, 2004). The *Pascack Valley* test sets forth that section 502 of ERISA completely preempts state-law claims only if: "(1) the plaintiff could have brought the claim under § 502(a); *and* (2) no other independent legal duty supports the plaintiff's claim." *New Jersey Carpenters & the Trustees Thereof*, 760 F.3d at 303 (citation omitted). "Because the test is conjunctive, a state-law cause of action is completely preempted only if both of its prongs are satisfied." *Id.*

Defendant as the removing parties "bears the burden of establishing [that] both prongs" are met. *Atl. Shore Surgical Assocs., P.C. v. UnitedHealth Grp., Inc.*, Civ. No. 23-2359, 2024 WL 1704696, at *3 (D.N.J. Apr. 19, 2024) (quoting *Progressive Spine & Orthopaedics, LLC v. Anthem Blue Cross Blue Shield*, Civ. No. 17-536, 2017 WL 4011203, at *5 (D.N.J. Sept. 11, 2017)). When considering complete preemption, district courts may "look beyond the face of the complaint to determine whether a plaintiff has artfully pleaded his suit so as to couch a federal claim in terms of state law." *N. Jersey Brain & Spine Ctr. v. MultiPlan, Inc.*, Civ. No. 17-05967, 2018 WL 6592956, at *4 (D.N.J. Dec. 14, 2018) (quoting *Pascack Valley Hosp.*, 388 F.3d at 400).

### A. PRONG ONE OF THE *PASCACK VALLEY* TEST

Under the *Pascack Valley* test's first prong, a defendant claiming the state-law claims are completely preempted by ERISA must satisfy two inquiries: *first,* demonstrate that "the plaintiff is the *type* of party that can bring a claim [for benefits] pursuant to [s]ection 502(a)(1)(B)" of ERISA, and *second*, demonstrate that "the *actual claim* that the plaintiff asserts can be construed as a colorable claim for benefits pursuant to [s]ection 502(a)(1)(B)." *Progressive Spine & Orthopaedics, LLC*, 2017 WL 4011203, at *5 (emphases in original) (citations omitted).

7

Here, Abira is a medical provider, not a "participant" or "beneficiary" of an ERISA plan entitled to sue for benefits under ERISA as of right. *See BrainBuilders, LLC v. Aetna Life Ins. Co.*, Civ. No. 17-03626, 2024 WL 358152, at *5 (D.N.J. Jan. 31, 2024) ("Typically, 'standing to sue under ERISA is limited to participants and beneficiaries.'" (quoting *Prestige Inst. for Plastic Surgery, P.C. o/b/o S.A. v. Horizon Blue Cross Blue Shield of New Jersey*, Civ. No. 20-3733, 2021 WL 4206323, at *3 (D.N.J. Sept. 16, 2021)). "Nevertheless, '[h]ealthcare providers that are neither participants nor beneficiaries in their own right may obtain derivative standing by assignment from a plan participant or beneficiary.'" *Id.* (quoting *N. Jersey Brain & Spine Ctr. v. Aetna, Inc.*, 801 F.3d 369, 372 (3d Cir. 2015)).

Nothing before the Court allows it to determine for purposes of subject-matter jurisdiction that Plaintiff in fact has derivative standing to assert a claim for benefits under section 502(a)(1)(B) to completely preempt the state-law claims.

In its Amended Complaint, Plaintiff alleges that it is an "authorized representative" pursuant to 29 C.F.R. § 2560.503-1(b)(4), but courts have held that the regulation "is limited to internal appeals," not civil actions for benefits. *Prestige Inst. for Plastic Surgery, P.C. o/b/o S.A. v. Horizon Blue Cross Blue Shield of New Jersey*, Civ. No. 20-3733, 2021 WL 4206323, at *3 (D.N.J. Sept. 16, 2021); *Cooperman v. Horizon Blue Cross Blue Shield of New Jersey*, Civ. No. 19-19225, 2020 WL 5422801, at *3 (D.N.J. Sept. 10, 2020) ("This Court has repeatedly held that this regulation applies only to internal claims and appeals, not to federal lawsuits brought after the plan member exhausts those appeals.").[4] Thus, this allegation does not support the argument that Plaintiff is the "type" of party that can sue for ERISA benefits.

---

[4] This view is shared by courts outside this District. *See, e.g.*, *OSF Healthcare Sys. v. SEIU Healthcare IL Pers. Assistants Health Plan*, 671 F. Supp. 3d 888, 891-92 (N.D. Ill. 2023) ("[I]n the regulations governing ERISA, 29 C.F.R. § 2560.503-1(b)(4) expressly allows authorized representatives like OSF to file *internal* claims and appeals but, importantly, does not confer

8

In its response to the Court's Order to Show Cause, Defendant argues that Plaintiff has derivative standing under § 502(a) of ERISA because Plaintiff "alleges that the claims for which it seeks payment from the Plans were assigned to [Plaintiff] by its patients," and such "assignment is not prohibited by the [Plan] and is consistent with the Plan's practices." (ECF No. 28 at 4.) Defendant also provides a declaration from its Executive Director, who attests that the Plan "allows participants and dependents to assign claims for benefits to providers of medical services." (ECF No. 28-1 ¶ 4.) In contrast, Plaintiff contends that Defendant cannot meet its burden of establishing subject-matter jurisdiction merely by pointing to solely to allegations that the insureds assigned their benefits to Plaintiff. (ECF No. 29 at 3-4.)

After careful consideration, the Court finds that Defendant has not met its burden for subject-matter jurisdiction. Plaintiff alleges that it was "designated . . . as [insureds'/claimants'] assignee, as evidenced by the insureds/claimants providing their insurance information to [Plaintiff], for the purpose of [Plaintiff] filing claims with the Defendant[] for payment of lab tests." (ECF No. 15 ¶ 5.) But an insured merely providing their insurance information to a medical provider does not, absent some indication that the insured in fact authorized the right to payment to the provider, establish an assignment of benefits for the provider to sue for payment on the insured's behalf. *See Minisohn Chiropractic & Acupunture Ctr., LLC v. Horizon Blue Cross Blue Shield of New Jersey*, Civ. No. 23-0134, 2023 WL 8253088, at *3 (D.N.J. Nov. 29, 2023) ("[D]istrict courts in the Third Circuit have ruled that a healthcare provider ordinarily must identify a specific patient(s) who has assigned their claim(s) for benefits as well as factual matter that indicates that the provider is proceeding pursuant to an appropriate assignment, such as a copy of

---

standing to authorized representatives to pursue civil actions against a plan."); *Park Ave. Aesthetic Surgery, P.C. v. Empire Blue Cross Blue Shield*, Civ. No. 19-9761, 2021 WL 665045, at *7 (S.D.N.Y. Feb. 19, 2021) ("[A] medical provider's status as an Authorized Representative does not . . . independently provide a cause of action pursuant to ERISA.").

9

the assignment(s) at issue, the relevant language from the assignment(s), or some other evidence of the scope of the assignment(s)."); *see also N. Jersey Brain & Spine Ctr.*, 801 F.3d at 372 ("[W]hen a patient assigns payment of insurance benefits to a healthcare provider, that provider gains standing to sue for that payment under ERISA § 502(a)."). Thus, even as alleged, Plaintiff has not plausibly pled a valid assignment of benefits for purposes of maintaining an action for benefits under ERISA.

And other than referencing Plaintiff's inadequate pleadings, Defendant has not provided anything to support a finding that Plaintiff has in fact obtained an assignment of benefits for purposes of ERISA from the alleged insureds. For example, no copy of any assignment has been proffered. This would be necessary here for the Court to find that it has subject-matter jurisdiction based on complete preemption. *See Pascack Valley Hosp.*, 388 F.3d at 402 ("Because the Plan has failed to demonstrate that the Hospital obtained an assignment . . . , the Plan cannot demonstrate that the Hospital has standing to sue under § 502(a). As a result, the Hospital's state law claims could not have been brought under the scope of § 502(a) and are not completely pre-empted by ERISA."); *Atl. ER Physicians Team, Pediatrics Assoc., PA v. UnitedHealth Grp., Inc.*, Civ. No. 20-20083, 2021 WL 4473117, at *4 (D.N.J. Sept. 30, 2021) ("[T]he absence of affirmative evidence leaves this Court with grave doubt that Plaintiffs would have standing to sue under ERISA. Such doubt augers in favor of remand."); *N. Jersey Spine Grp., LLC v. Blue Cross & Blue Shield of Massachusetts, Inc.*, Civ. No. 17-13173, 2018 WL 2095174, at *2 (D.N.J. May 7, 2018) ("While it is true that Plaintiffs' claims could have *potentially* been brought under ERISA, Defendant fails to provide any proof that Patient J.B. executed assignments of benefits in connection with his surgery such that ERISA would be applicable. . . . Courts in this District have consistently remanded when no valid assignment of benefits has been presented.").

Nor does the case law cited by Defendant support a finding that this Court has subject-matter jurisdiction by virtue of complete preemption under ERISA. Defendant cites *Menkes v. Prudential Ins. Co. of Am.*, 762 F.3d 285 (3d Cir. 2014), arguing that the United States Court of Appeals for the Third Circuit "considered virtually identical claims and concluded that ERISA preempted each claim." (ECF No. 19-2 at 19.) But *Menkes* is inapposite. The issue in *Menkes* was not whether the court had subject-matter jurisdiction by virtue of complete preemption under ERISA—in fact, there was "no dispute" that the court had subject-matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). *Menkes*, 762 F.3d at 289, 294 n.6. Instead, in *Menkes*, the Third Circuit held that the plaintiff's claims sounding in fraud and in contract were "expressly preempted" under § 514(a) as opposed to being completely preempted under § 502(a). *Id.* at 295-96. Because "ERISA [express] preemption under § 514(a), standing alone, does not . . . . create federal removal jurisdiction over a claim pled under state law in state court," even if the Court were to apply *Menkes* to Plaintiff's state-law claims here, it would not confer the Court with subject-matter jurisdiction. *Joyce*, 126 F.3d at 171-72 (citations omitted).[5] Defendant also cites *Haghighi v. Horizon Blue Cross Blue Shield of N.J.*, Civ. No. 19-20483, 2020 WL 5105234, at *4-7 (D.N.J. Aug. 31, 2020), describing it as another example where claims identical to Plaintiff's claims here were "completely preempted by ERISA § 502(a)." (ECF No. 28 at 5.) But Defendant's characterization is inaccurate. The Court in *Haghighi* repeatedly declined to "engage in a preemption examination" due to "ambiguities in the pleadings" and dismissed the plaintiff's claims under Rule 12(b)(6). 2020 WL 5105234, at *4-7. In fact, the Court only "retain[ed] jurisdiction" to the extent the plaintiff's "causes of action relate[d] to an ERISA plan" and

---

[5] Although *Menkes* held that the plaintiff's claim for punitive damages was completely preempted under § 502(a), this finding is also inapplicable here because (1) subject-matter jurisdiction in *Menkes* did not depend on complete preemption, and (2) Plaintiff in this matter does not seek punitive damages. 762 F.3d at 295-96.

11

specifically noted that if the plaintiff filed a further amended complaint asserting state law claims that were not preempted by ERISA, "this action would be remanded to state court for lack of subject-matter jurisdiction." *Id.* at *4 n.4.

Finally, the failure to demonstrate that Plaintiff has obtained derivative standing to pursue an ERISA claim for benefits weighs not only against the finding that it is the "type" of party that could sue for benefits but also against the finding that it has a colorable claim to benefits. *See, e.g.*, *Pascack Valley Hosp.*, 388 F.3d at 404 ("[T]he absence of an assignment is dispositive of the complete pre-emption question.").

Because the first prong of the *Pascack Valley* test has therefore not been met, complete preemption of the state-law claims has not been demonstrated and the Court need not examine the second prong of the test. *See Atl. Shore Surgical Assocs., P.C.*, 2024 WL 1704696, at *6 ("Given that Plaintiff's claims fail on *Pascack Valley's* first prong, the Court need not venture into the second prong."). Accordingly, the Court will remand this case to the Superior Court of New Jersey for further proceedings.[6]

## IV.   CONCLUSION & ORDER

For the reasons set forth above, and other good cause shown,

**IT IS** on this 31st day of July, 2024, **ORDERED** as follows:

1. Defendant's Motion to Dismiss (ECF No. 19) is **DENIED** as moot.

2. The Clerk is directed to **REMAND** this matter to the Superior Court of New Jersey, Mercer County, due to lack of subject-matter jurisdiction and to mail a certified

---

[6] Because the Court is remanding for lack of subject-matter jurisdiction, it does not reach Defendant's arguments as to why Plaintiff's claims are expressly preempted by ERISA or otherwise fail as a matter of law. *See Pascack Valley Hosp.*, 388 F.3d at 404 ("It may very well be that the Hospital's breach of contract claim against the Plan will fail under state law, or that the Hospital's state law claims are pre-empted under § 514(a). These matters, however, go to the merits of the Hospital's breach of contract claim, which can only be adjudicated in state court.").

    copy of this Memorandum Order to the clerk of the Superior Court in accordance with 28 U.S.C. § 1447(c).

3.  After remand, the Clerk is directed to **TERMINATE** the motion pending at ECF No. 19 and to **CLOSE** this case.

                  */s/ Georgette Castner*
                  _____
                  **GEORGETTE CASTNER**
                  **UNITED STATES DISTRICT JUDGE**